# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KRISTINA O'NEILL and BRENDAN     **:**
O'NEILL, JR., Her Husband
10024 Kendale Road     **:**
Potomac, MD 20854

     **:**

     **Plaintiffs,**     **:**

     **:**

     **v.**     **.**  **Case No. _____**

     **:**

YUREKLI TUNCAY     **:**
1454 McLean Mews Court
McLean, VA 22101     **:**

     **:**

     **Defendant.**     **:**

     **:**

## COMPLAINT FOR DAMAGES
### (Automobile Collision)

Plaintiffs, Kristina O'Neill and Brendan O'Neill, Jr., through their attorneys, Patrick M. Regan, Christopher J. Regan, Daniel Santos and the law office of Regan Zambri Long PLLC, respectfully demand judgment against Defendant Yurekli Tuncay on the grounds and in the amount set forth below:

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2.      The Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2) because the acts out of which the action arises occurred in the District of Columbia.

## PARTIES

3.      Plaintiff, Kristina O'Neill is an adult resident of the State of Maryland.

4.      Plaintiff, Brendan O'Neill, Jr. is an adult resident of the State of Maryland.

5.      Upon information and belief, Defendant Yurekli Tuncay ("Defendant Tuncay") is an adult resident of the Commonwealth of Virginia.

6.      At the time of the collision, Defendant Tuncay was an employee, agent, and/or servant of Uber Technologies, Inc. ("Uber"), and was acting within the course and scope of his employment.

## FACTS

7.      On the evening of July 15, 2023, Plaintiff Kristina O'Neill ("Ms. O'Neill") was enjoying a birthday dinner at a restaurant located in Georgetown with her friends Tamika Callender-Hammond and Raven Hammond.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 2 -

8.    At around 11:14 p.m., Ms. O'Neill ordered an Uber ride through the Uber app for herself, Tamika Callender-Hammond, and Raven Hammond, to be picked up on Connecticut Avenue, NW and dropped off at Ms. O'Neill's home address at 10024 Kendale Road, Potomac, MD 20854.

9.    At approximately 11:21 p.m., Defendant Tuncay arrived at the pick-up location and was operating a 2021 Kia K5.

10.    Ms. O'Neill and Raven Hammond entered the backseat of Defendant Tuncay's vehicle and promptly fastened their seatbelts, with Ms. O'Neill sitting in the left passenger seat behind the driver's seat and Raven Hammond sitting to her right.

11.    While Tamika Callender-Hammond was getting into the front passenger seat of Defendant Tuncay's vehicle, Defendant Tuncay began to pull away from the curb with her foot still on the curb and passenger door still open. Defendant Tuncay was ordered to stop the vehicle until all passengers were completely inside the vehicle with the doors shut.

12.    Defendant Tuncay, acting within the course and scope of his employment with Uber Technologies, Inc., proceeded to drive Ms. O'Neill and her friends to their destination.

13.    Defendant Tuncay immediately made an aggressive and illegal U-turn at the intersection of Connecticut Avenue NW and 18th Street NW while pedestrians were crossing in the crosswalk.

14.     Ms. O'Neill and her friends were very vocal at this point, demanding Defendant Tuncay to "slow down" and to "please be more careful" as they began to worry about their safety.

15.     Defendant Tuncay responded to the demands of Ms. O'Neill and her friends with a smile, and continued to operate his vehicle in a reckless and aggressive manner, seemingly absent of consideration for the safety of his passengers and surrounding vehicles.

16.     At approximately 11:38 p.m., Defendant Tuncay was traveling on Canal Road NW towards the Chain Bridge intersection continuing the Uber assigned route of Ms. O'Neill's ride.

17.     It was dark outside and raining; Defendant Tuncay was closely following the vehicle in front of him, a Silver Mercedes-Benz M-Class, while simultaneously constantly looking at his phone mounted on the dashboard instead of paying full and proper attention to the surrounding traffic patterns.

18.     Ms. O'Neill and her friends noticed the Silver Mercedes-Benz in front of them slow down to comply with the surrounding traffic patterns, and noticed Defendant Tuncay was not paying attention to the surrounding traffic pattern changes because he was looking at his phone instead of the road.

19.     Ms. O'Neill and her friends began yelling at Defendant Tuncay to slow down and stop to avoid colliding into the vehicle in front of them.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 4 -

20.     Defendant Tuncay looked up, slammed on his brakes, and was forced to partially veer to the right towards the wooded area lining the road to avoid colliding with the vehicle in front of him.

21.     As a direct result of this initial reckless maneuver, Ms. O'Neill's entire body was violently jolted back and forth causing her head to hit the headrest before the left-side of her body slammed into the passenger door and driver seat.

22.     As a result of this reckless and careless driving and the sudden maneuver caused by Defendant Tuncay, including failing to slow down appropriately consistent with the traffic in front of his vehicle, Defendant Tuncay's vehicle was rear-ended by a Ford F150 with great force thus causing his vehicle to rear-end the Silver Mercedes-Benz.

23.     The identity of the driver who rear-ended Defendant Tuncay's vehicle is currently unknown to Plaintiffs.

24.     As a direct result of being rear-ended, Ms. O'Neill was again violently jolted back and forth. This time, it felt like her head was bleeding, she was struggling to hear, her head was throbbing, and she was in severe shock and pain.

25.     After the collision, Defendant Tuncay moved his vehicle to a safe location off the road while Ms. Callander-Hammond called 911 from the front passenger seat.

26.     At this time, Ms. O'Neill was experiencing additional injuries including immediate and severe pain in her neck, left arm, left knee, and left ankle, as well as feeling extremely confused and disoriented.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 5 -

27.     The two other vehicles involved in the collision decided to drive away before the police officers and EMS personnel arrived on scene, and the driver of the Ford F150 left without providing any contact or auto insurance information.

28.     Metropolitan D.C. Police officers and EMS personnel promptly arrived where Defendant Tuncay's vehicle was located, near the scene of the incident.

29.     Ms. O'Neill's husband arrived on scene and drove her home so she could rest at home for the remainder of the night. Due to worsening symptoms continuing into the following day, Ms. O'Neill was taken to the emergency department at Suburban Hospital for medical evaluation and treatment.

30.     As a direct and proximate result of the collision caused by Defendant Tuncay's negligence, Ms. O'Neill suffered severe injuries including, but not limited to severe whiplash, concussion, neck pain, head pain, left arm pain, left knee pain, left ankle pain, neck sprain, back sprain, scalp contusion, nausea, severe head and body aches, post-concussional symptoms, visual impairment, complete rotator cuff tear or rupture of left shoulder, left shoulder pain, stiffness in left shoulder, weakness, limited range of motion in left shoulder, and underwent surgery for her complete rotator cuff tear in left shoulder.

31.     As a direct and proximate result of the collision caused by Defendant Tuncay's negligence, Ms. O'Neill has incurred, and will continue to incur, substantial medical expenses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 6 -

## COUNT I
### (Automobile Collision – Negligence)

32.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein, and further allege that at all relevant times herein, Defendant Tuncay owned Ms. O'Neill a duty to operate his vehicle in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in existence.

33.    Plaintiff Kristina O'Neill further alleges that at all relevant times herein, Defendant Tuncay breached this duty in some or all of the following ways:

    a.    by not paying full time and attention to the operation of his vehicle;

    b.    by not keeping a proper lookout while driving his vehicle;

    c.    by driving while distracted;

    d.    by driving his vehicle at an unsafe and reckless speed for the traffic conditions;

    e.    by not timely applying brakes or otherwise taking appropriate action to avoid or minimize the effects of the collision; and/or,

    f.    by otherwise not adhering to the applicable traffic and motor vehicle regulations then and there in effect.

34.    Plaintiffs further allege that Defendant Tuncay violated traffic safety provisions which were in full force and effect in the District of Columbia at the time of the collision.

35.    By violating applicable District of Columbia safety laws and regulations, Defendant Tuncay was negligent *per se*.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 7 -

36.    As a direct and proximate cause of Defendant Tuncay's negligent and reckless operation of his vehicle, Ms. O'Neill suffered the severe injuries and damages set forth in the above paragraphs.

37.    As a further direct and proximate result of Defendant Tuncay's negligent and reckless operation of his vehicle, Plaintiff Kristina O'Neill has suffered and will continue to suffer severe physical pain, mental anguish, emotional distress, physical suffering and loss of enjoyment of life.

## COUNT II
### (Loss of Consortium: Plaintiff Brendan O'Neill, Jr.)

38.    Plaintiffs incorporate by reference the preceding paragraphs and further allege that Plaintiff Brendan O'Neill, Jr. is the husband of Plaintiff Kristina O'Neill.

39.    Plaintiff Brendan O'Neill, Jr. further alleges that as a direct result of the combined negligent acts and omissions of the Defendants, as previously described, he has spend considerable time caring for and assisting his wife from the time of the incident to the present.

40.    As a direct result of this incident, Plaintiff Brendan O'Neill has sustained losses of society, companionship, and consortium.

WHEREFORE, Plaintiff Kristina O'Neill demands judgement against Defendant Yurekli Tuncay, in the full and just amount of Three Million Dollars ($3,000,000.00), plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

WHEREFORE, Plaintiff Brendan O'Neill, Jr. demands judgment against Defendant Yurekli Tuncay, in the full and just amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), plus interest and costs.

## JURY DEMAND

Plaintiffs request a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By:  /s/ *Patrick M. Regan*
Patrick M. Regan         D.C. Bar No. 336107
pregan@reganfirm.com
Christopher J. Regan    D.C. Bar No. 1018148
cregan@reganfirm.com
Daniel Santos            D.C. Bar No. 90026790
dsantos@reganfirm.com
1919 M Street, NW, Suite 600
Washington, DC 20036
PH:  (202) 463-3030
FX:  (202) 463-0667
*Counsel for Plaintiff*